**Robert DAVIS, Plaintiff,**

v.

**David LITTLE, Louis Scozzafava, Defendants.**

**Civ. No. N 82–369(TPS).**

United States District Court, D. Connecticut.

Jan. 7, 1988.

Sue Wise, Williams & Wise, New Haven, Conn., for plaintiff.

Lawrence R. Pellet, Feeley, Nichols, Elliot, Chase & McDermott, Waterbury, Conn., for defendants.

### RULING ON APPLICATION FOR ATTORNEYS' FEES

THOMAS P. SMITH, United States Magistrate.

Counsel for plaintiff seek compensation of $41,669.23 in attorneys' fees and costs

for services rendered in connection with this factually complex civil rights action. *See Davis v. Little*, 670 F.Supp. 1115 (D.Conn.1987). Defendant's objection to this award rests chiefly on plaintiff's counsels' purportedly insufficient documentation of hours spent on plaintiff's behalf. Further, defendant suggests that, despite their having "prevailed" on the underlying litigation, his adversaries failed to advance significantly the substantive goals of the Civil Rights Act. The court cannot agree. Having considered carefully the able arguments on both sides, the documentary evidence, the voluminous record, and the lengthy and involved history of the case, it grants plaintiff's attorneys' petition, as modified below.

■■■ One who has "'succeed[ed] on any significant issue in litigation which achieve[d] some of the benefits [s/he] sought in bringing suit,'" *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (citation omitted), is a "prevailing party" within the meaning of 42 U.S.C. § 1988 and therefore entitled to a "reasonable" attorney's fee. In fashioning a "reasonable" award, the Second Circuit customarily employs a "lodestar" formula which calls for multiplication of "the number of hours reasonably expended on the litigation ... by a reasonable hourly rate." *Id.* That done, the court must next "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435, 103 S.Ct. at 1940.

The court finds the number of hours—217.87—claimed by plaintiff's attorneys to be quite reasonable, indeed, modest, in the circumstances of this suit. Its painstaking examination of the affidavits and of each "chargeable time control" entry and annotation furnished by the fee applicants has convinced the court that the number of hours worked and the nature of the tasks performed were wholly reasonable and necessary, and that they contributed to the plaintiff's overall success. Therefore, there shall be no reduction of the hours

claimed. Nor, tellingly, does defendant request such a reduction.

Defendant requests a different sort of reduction. In his Memorandum in Opposition to the fee application (Filing 58) defendant asserts that plaintiff's attorneys have petitioned for "hourly rates ... far in excess of those 'adequate to attract competent counsel'" which would amount to a "windfall" fee. Filing 58 at unnumbered second page. He fails to offer any evidence whatsoever to support this contention. Petitioners, on the other hand, have provided affidavits recounting in detail their experience and background as well as their billing rates. See Application for Award of Attorneys' Fees and Costs, Exhibits A, B, and C. The court, having examined these affidavits and taken judicial notice of current and historic billing rates in the District of Connecticut, concludes that the hourly rates requested are well within the range of reasonableness, but declines to compensate all time claimed at the current rate as petitioners urged.

■■ The court notes the propriety, in the context of this protracted litigation, of using a current rate of compensation "'for services rendered within the preceding two or three years—here, 1985 through 1987,'" *Rose v. Heintz*, 671 F.Supp. 901, 906 (D.Conn.1987) quoting from *New York Association for Retarded Children v. Carey*, 711 F.2d 1136, 1153 (2d Cir.1983), and an historic rate for services provided from 1982 through 1984. This approach is particularly appropriate in the instant case, where plaintiff's counsel failed in several instances to make separate entries for travel time. Had they done so, the court would have ordered that time be compensated at 50% of their respective hourly rates in recognition of the fact that, while they are entitled to receive adequate compensation for travel time, "... attorneys might not work quite so efficiently and productively in transit as they do at the office or in court...." *Rose v. Heintz, supra,* 671 F.Supp. at 905. The court concludes that, to offset any potential inequity inherent in compensating travel time at 100% of petitioners' respective hourly rates, it must

reimburse petitioners at historic rates for work performed from 1982 through 1984 *and* decline to adjust the "lodestar" figure upward either for exceptional success or for the risk associated with litigation. *See Hensley v. Eckerhart,* 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983); *Blum v. Stenson,* 465 U.S. 886, 889, 104 S.Ct. 1541, 1544, 79 L.Ed.2d 891 (1984); *Carey, supra,* 711 F.2d at 1140. Thus, Attorney Williams shall receive $150 per hour for 1982 and 1984 hours claimed (10.2) and $200 for 1985 time claimed (.2 hr); Attorney Drewniany, $125 per hour for his 1984 time (4 hours); and Attorney Wise, $150 per hour for all time claimed (i.e. for 1985, 1986 and 1987).

Defendant has expressed his dissatisfaction with the documents petitioners have supplied to substantiate the hours they spent working on this case. He complains that these affidavits "merely 'summarize[ ]' " the time they expended and lack "the more specific information" that would enable the court to make its award. Filing 58 at unnumbered second page.

█ The Second Circuit's June 15, 1983 ruling in *Carey, supra,* rendered contemporaneous records which "specify, for each attorney, the date, the hours expended, and the nature of the work done," 711 F.2d at 1148, a prerequisite for attorneys' fees. While petitioner's papers may not be the most meticulous, tidy, and carefully wrought time logs this court has seen, still, the court finds them sufficient to substantiate the hours worked. Further, it declines to follow defendant's suggestion that "special scrutiny" be given to petitioners' entries which exceed 6 or 7 hours per day for two reasons. First, there is nothing unusual or untoward in an attorney's working long hours in the prosecution of a civil rights action like this one. Second, even the most cursory glance at the entries reveals that some of the annotations cover several days of a given month. Defendant objects in particular to the "chargeable control sheet" dated July 11, which contains two other dates (July 3 and 14) and plainly indicates that it is a summary ("research total time—writing and re-writing memo") (Exhibit C of Application). But it is clear that the research for and writing of the memorandum took place over a number of days during the month of July. The court cannot logically justify a reduction in these circumstances. Moreover, the court notes that it is defendant's objections to petitioners' time sheets, rather than the sheets themselves, which lack detailed specificity to prove the disputed hours were *not* worked.

█ Last, defendant complains that because fee applicants did "not advance[ ] important substantive goals of the civil rights act," their award ought to be reduced by some unspecified percentage. Filing 58 at unnumbered fourth page. Defendant's premise is patently false, his conclusion insulting.

This court awarded Robert Davis damages against defendant Little in the amount of $347,046.95 for the latter's "wholly irresponsible, unnecessary, and unreasonable use of deadly force on the obviously unarmed, obviously fleeing Mr. Davis" in egregious violation of the Fourth Amendment. *See Memorandum of Decision* in *Davis v. Little, supra,* 670 F.Supp. at 1120. The court is hard-pressed to conceive of any more important or hard-won victory than this, petitioners' triumph on Davis's behalf. There shall be no reduction of counsels' award for the imaginary "failure" to "advance important substantive goals."

For the foregoing reasons, petitioner's fee application is granted to the extent indicated by the chart below:

WILLIAMS

| | | |
|---|---|---|
| 1982 ..................... | 3.5 hours × $150 = | $ 525 |
| 1984 ..................... | 6.7 hours × $150 = | $ 1,005 |
| 1985 ..................... | 0.2 hours × $200 = | $ 40 |

DREWNIANY

| | | |
|---|---|---|
| 1985 ......... ........... | 4.0 hours × $125= | $ 500 |

WISE *

| | | |
|---|---|---|
| 1985-7 ................... | 200.0 hours × $150 = | $30,000 |

TOTAL ........................................... $32,070.

* The court has resolved a slight discrepancy in the number of hours Ms. Wise claims in her affidavit (203.47) and the number of hours she lists on her "chargeable time control" sheets (201.82) in defendant's favor.

Therefore, the total amount of attorney's fees to be awarded against defendant Little is $32,070.00, to be apportioned as set out above. Plaintiff's bill of costs is pending before the Clerk of the Court, who will act upon it accordingly.

Dated at Hartford, Connecticut, this 7th day of January, 1988.